BRIAN L. CELLA SBN 096346
JAMES D. LUHMANN SBN 148766
CELLA LANGE & CELLA LLP
1600 Main Street, Suite 180
Walnut Creek, California 94596
Telephone: (925) 974-1110
Facsimile: (925) 974-1122

Attorneys for Plaintiff THE FILM MUSICIANS
SECONDARY MARKETS FUND
(By Ms. Kim Roberts Hedgpeth, Executive Director)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ROBERTS HEDGPETH, IN HER CAPACITY AS EXECUTIVE DIRECTOR, FILM MUSICIANS SECONDARY MARKETS FUND,<br><br>               Plaintiff,<br><br>   vs.<br><br>INITIAL ENTERTAINMENT GROUP, INC., a California corporation; INITIAL ENTERTAINMENT GROUP, INC., a Delaware corporation; IEG; INITIAL ENTERTAINMENT GROUP; GKF DISTRIBUTION, LLC, a Texas limited liability company; AVIATOR, INC., a California corporation; BEN & BANKS, LLC, a California limited liability company; BLACK CIRCLE BOYS PRODUCTIONS INC., a California corporation; CAMPFIRE LLC, a California limited liability company; COMPULSION, INC., a California corporation; DR. T INC., a California corporation; LITTLE CITY, LLC, a California limited liability company; NEXT PRODUCTIONS, LLC, a California limited liability company; UNFINISHED FILMS, INC., a California corporation; and Does 1 through 10, inclusive,<br><br>               Defendants. | No: 2:16-cv-1604<br><br>COMPLAINT FOR:<br><br>(1) BREACH OF CONTRACT;<br>(2) ACCOUNTING;<br>(3) MONIES HAD AND RECEIVED;<br>(4) RESTITUTION; and<br>(5) DECLARATORY RELIEF<br><br>JURY TRIAL DEMANDED |

Plaintiff Kim Roberts Hedgpeth, in her capacity as Executive Director and on behalf of the FILM MUSICIANS SECONDARY MARKETS FUND ("Plaintiff" or "the Fund"), sues the Defendants described above ("the Defendants") for the required statements, payments of residuals and disclosure of books and records from the exploitation of the motion picture and/or television films known as *Ali, The Aviator, The Campfire Tales, Dangerous Lives of Altar Boys, The Departed, Desert Saints, Dr. T and the Women, Family Plan, The Florentine, Gramps, If These Walls Could Talk, Little City, Montana, Next, Rent-A-Kid*, *Traffic* and *An Unfinished Life* ("the films"). Other films may be at issue but are unknown to Plaintiff at this time and presumably known to Defendants.

## INTRODUCTION

1.     Union musicians and other employees help create movie and television films enjoyed throughout the world. Under industry-wide collective bargaining agreements, the payment to the musicians includes the deferred compensation sometimes known as residuals. The amount of the residuals depends on the amount of worldwide revenues from the worldwide secondary and supplemental markets (e.g., VCR/DVD, Free-TV, Pay-TV, Digital or In-flight) after initial distribution of the films (e.g., in the Movie Theater).

2.     It is a self-reporting system in which the parties exploiting the films are entrusted to represent accurately and pay faithfully the amounts owed to the Fund as they become due on a continuing and ongoing basis. The Fund, in turn, disburses the payments to the musicians who worked on the films.

3.     The Fund depends on the parties exploiting a film to report fully and accurately because they have superior if not exclusive knowledge as to their own revenues and contractual arrangements following release of the film. The collective bargaining agreements require the parties exploiting a film to maintain books and records and make them available upon request by the Fund for compliance review to verify the accuracy of their statements and payments and to identity all parties with an obligation.

4.     The Fund requested a compliance review so the amount of payments owed and the identity of all parties with an obligation may be verified, and certain books and records

were made available. Based on Defendants' own records, the compliance review Report shows that the amounts owed were misstated and/or not disclosed as required, unpaid and underpaid and not paid when due.  Defendants said they would investigate, and have now had sufficient time to complete their examination and verify the amounts owed, and there have been further discussions and promises of cooperation by Defendants.

5.     However, as of the date of the Complaint and despite demand, Defendants have failed to explain the underpayments found in the compliance review Report or remit full payments, and, Plaintiff is informed and believes, provide all of the requested information.

6.     Further, despite demand, there has been a failure and/or refusal to make additional books and records available for review of the continuing exploitation of the films after the compliance review Report to determine if additional amounts are due based on subsequent revenues, if any.

PARTIES

7.     Ms. Hedgpeth is the duly appointed and authorized Executive Director of the Fund, an employee Fund with its principal place of business in Encino, California.

8.     The Fund was created by and operates under the Basic Theatrical Motion Picture Agreement, the Television Film Labor Agreement and the Film Musicians Secondary Markets Fund Agreement (all of which are written agreements collectively referred to herein as "the Collective Bargaining Agreement") between the motion picture and television industry and the American Federation of Musicians of the United States and Canada, AFL-CIO ("AFM").

9.     Plaintiff is informed and believes and thereon alleges that INITIAL ENTERTAINMENT GROUP, INC., a California corporation, is or at relevant times was a California corporation, with its principal place of business in Los Angeles County, California conducting business within California, and that it bears, in whole or in part, the duty under the Collective Bargaining Agreement to the Fund. Plaintiff is informed and believes and thereon alleges that INITIAL ENTERTAINMENT GROUP, INC., a Delaware corporation, is or at relevant times was a Delaware corporation, with its principal place of business in Los

1    Angeles County, California conducting business within California, and that it bears, in whole

2    or in part, the duty under the Collective Bargaining Agreement to the Fund.

3         10.    Plaintiff is informed and believes and thereon alleges that IEG is an entity of

4    nature and principal place of business unknown to the Fund and that it bears, in whole or in

5    part, the duty under the Collective Bargaining Agreement to the Fund.  Plaintiff is informed

6    and believes and thereon alleges that INITIAL ENTERTAINMENT GROUP is an entity of

7    nature and principal place of business unknown to the Fund and that it bears, in whole or in

8    part, the duty under the Collective Bargaining Agreement to the Fund.

9         11.    Plaintiff    is    informed    and    believes    and    thereon    alleges    that    GKF

10   DISTRIBUTION, LLC is or at relevant times was a Texas limited liability company, with its

11   principal place of business unknown to the Fund and conducting business within California,

12   and that it bears, in whole or in part, the duty under the Collective Bargaining Agreement to

13   the Fund. Plaintiff is informed and believes and thereon alleges that said Defendant succeeded

14   to that duty in a transaction with one or more of the aforesaid INITIAL ENTERTAINMENT

15   GROUP, INC. corporations, IEG and/or INITIAL ENTERTAINMENT GROUP, at a time

16   and in a manner unknown to the Plaintiff.  The respective periods of exploitation for which

17   residuals are owed to the Fund by Defendants INITIAL ENTERTAINMENT GROUP, INC.,

18   a California corporation, INITIAL ENTERTAINMENT GROUP, INC., a Delaware

19   corporation, IEG, INITIAL ENTERTAINMENT GROUP  and GKF DISTRIBUTION, LLC

20   is unknown to the Fund but, Plaintiff is informed and believes, known to said Defendants.

21   Accordingly, the relief sought against each, whether for monetary damages or for further

22   compliance review, is for the period in which each bears the duty to the Fund, according to

23   proof.

24        12.    Plaintiff is informed and believes and thereon alleges that AVIATOR, INC. is

25   or at relevant times was a California corporation, with its principal place of business in Los

26   Angeles County, California conducting business within California, and that it bears the duty

27   under the Collective Bargaining Agreement to the Fund, in whole or in part, for *The Aviator*.

28

13.     Plaintiff is informed and believes and thereon alleges that BEN & BANKS, LLC is or at relevant times was a California limited liability company, with its principal place of business in Los Angeles County, California conducting business within California, and that it bears the duty under the Collective Bargaining Agreement to the Fund, in whole or in part, for *Desert Saints*.

14.     Plaintiff is informed and believes and thereon alleges that BLACK CIRCLE BOYS PRODUCTIONS INC. is or at relevant times was a California corporation, with its principal place of business in Los Angeles County, California conducting business within California, and it bears the duty under the Collective Bargaining Agreement to the Fund, in whole or in part, for *The Florentine*.

15.     Plaintiff is informed and believes and thereon alleges that CAMPFIRE LLC is or at relevant times was a California limited liability company, with its principal place of business in Los Angeles County, California conducting business within California, and it bears the duty under the Collective Bargaining Agreement to the Fund, in whole or in part, for *The Campfire Tales*.

16.     Plaintiff is informed and believes and thereon alleges that COMPULSION, INC. is or at relevant times was a California corporation, with its principal place of business in Los Angeles County, California conducting business within California, and that it bears the duty under the Collective Bargaining Agreement to the Fund, in whole or in part, for *Traffic*.

17.     Plaintiff is informed and believes and thereon alleges that DR. T INC. is or at relevant times was a California corporation, with its principal place of business unknown to the Fund, conducting business within California, and that it bears the duty under the Collective Bargaining Agreement to the Fund, in whole or in part, for *Dr. T and the Women*.

18.     Plaintiff is informed and believes and thereon alleges that LITTLE CITY, LLC is or at relevant times was a California limited liability company, with its principal place of business in Los Angeles County, California conducting business within California, and that it bears the duty under the Collective Bargaining Agreement to the Fund, in whole or in part, for *Little City*.

19.     Plaintiff is informed and believes and thereon alleges that NEXT PRODUCTIONS, LLC is or at relevant times was a California limited liability company, with its principal place of business in Los Angeles County, California conducting business within California, and that it bears the duty under the Collective Bargaining Agreement to the Fund, in whole or in part, for *Next*.

20.     Plaintiff is informed and believes and thereon alleges that UNFINISHED FILMS, INC. is or at relevant times was a California corporation, with its principal place of business in Los Angeles County, California conducting business within California, and that it bears the duty under the Collective Bargaining Agreement to the Fund, in whole or in part, for *An Unfinished Life*.

21.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1-10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a Doe, or otherwise, is legally responsible for the events and happenings described herein and proximately caused injury and damages to Plaintiff as hereinafter alleged.  Plaintiff will amend this Complaint to set forth the identities of said Defendants in the event they are ascertained. Upon information and belief, Defendant Does were parties to the hereinafter described agreements, and/or were alter egos or a single enterprise with parties to said agreements and/or expressly or impliedly assumed the obligations thereof through agreement, assignment, conspiracy, ratification, exploitation of the film, receipt of revenue from the film, entity succession, transfer of an interest in copyright or otherwise and/or operation of law, including the Digital Millennium Copyright Act, 28 USC § 4001, and/or were under actual or constructive notice of the obligations thereof such that they are bound by those obligations. Upon information and belief, Defendant Does induced the remaining Defendants to breach their duties and damage Plaintiff as herein alleged, or conspired with, ratified and/or received the benefits of the conduct of the remaining Defendants, such that each is liable for the conduct of one another and/or bound by the obligations of the other to the Fund, including the payment to the Fund of

1    monies owed the union musicians and other participants, to make an accurate report to the

2    Fund and to make information available to the Fund so that it can determine its rights and the

3    rights of the union musicians and other participants that the Fund serves.

4                                    JURISDICTION AND VENUE

5           22.    This court has jurisdiction of this action, including under Section 301 of the

6    Labor Management Relations Act, as amended, 29 U.S.C. § 185, and 28 U.S.C. §§ 1331,

7    1337, 1367, without regard to the amount in controversy or the citizenship of the parties.

8           23.    Venue in this district is proper pursuant to 28 U.S.C. § 1391.

9                              THE COLLECTIVE BARGAINING AGREEMENT

10          24.    The Collective Bargaining Agreement provides for the rates of pay, hours,

11   benefit contributions and other payments, including the compensation sometimes known as

12   residuals.

13          25.    The Collective Bargaining Agreement provides that residuals are to be paid on a

14   continuous and ongoing basis from any revenues in the worldwide secondary and

15   supplemental markets following initial exploitation of the films.  The residuals are calculated

16   at the effective rate of one percent (1%) of receipts (with certain volume adjustments for

17   digital downloads).

18          26.    The Collective Bargaining Agreement provides that the parties paying the

19   residuals are to report accurately to the Fund the amounts they received, if any, from the

20   secondary and supplemental markets when they pay the residuals based on those receipts. The

21   payments are held by the Fund and paid out ratably on an annual basis to the musicians who

22   participated in creating the music soundtrack for the film.   The Collective Bargaining

23   Agreement requires the parties owing the residuals to maintain books and records and make

24   books and records available upon request for a compliance review so that the identity of the

25   party owing the residuals and the amount of payments owed may be verified.

26          27.    The Collective Bargaining Agreement provides that a party found to have

27   defaulted in payment shall pay, in addition to the overdue amount, liquidated damages in a

28   monthly rate that equates to 10 percent (10%) *per anuum* of the delinquent payment, and

attorneys' fees, expenses and other disbursements incurred by the Fund in collection of overdue amounts (such as accounting fees).

28.     Plaintiff is informed and believes and thereon alleges that the Defendants were party to or are otherwise bound by all obligations owing under the Collective Bargaining Agreement; and/or alter ego or a single enterprise with parties to said agreements, acting within the purpose and scope of said agency and that there exists, and at all times herein mentioned existed, a unity of interest in ownership and commingling and overlap of ownership and management such that separation ceased and the Defendants became the alter-egos of each other or a single enterprise such that adherence to the fiction of the separate existence would permit an abuse of the corporate or limited liability company privilege and would promote injustice fraud and unfairness; and/or expressly or impliedly assumed the obligations of said agreements through assumption agreements, distribution agreements and like agreements, assignment, conspiracy, ratification, exploitation of the film, receipt of revenue from the film, entity succession, transfer of an interest in copyright or otherwise and/or operation of law, including the Digital Millennium Copyright Act, 28 USC § 4001.

29.     Plaintiff is informed and believes and thereon alleges that the Defendants have benefited from these contracts, agreements and arrangements and knew or should have known that in acquiring the economic benefits from the services of the musicians and/or exploitation of the films, they had likewise undertaken the burden of payment, accurate reporting and maintaining and providing access to books and records.

MUSICIANS PERFORM WORK

30.     Union musicians and other participants working under the jurisdiction of the AFM and under the terms of the Collective Bargaining Agreement worked on the films and performed everything required of them.  Upon information and belief, union musicians and other participants performed that work with the understanding and in reliance upon the representation that the films were subject to the terms of the Collective Bargaining Agreement, including the promise to pay the Fund and to accurately account to the Fund.

BREACH OF AGREEMENT

31.     Plaintiff is informed and believes and thereon alleges that all or some of the films have been and are being shown in one or more secondary or supplemental markets, and have generated and continue to generate revenues on a continuous and ongoing basis in the worldwide secondary and supplemental markets.  Plaintiff has received reports of receipts and residual payments and continues to receive reports and residual payments for some or all of the films.

32.     As provided by the Collective Bargaining Agreement and according to industry custom and practice, Plaintiff engaged a public accounting firm to conduct a compliance review to verify the accuracy of reports and payments. A compliance review is the Fund's opportunity to confirm that the reports and payments were accurate, and requires that the parties exploiting a film to provide the accountants with information known to them and unknown to Plaintiff, including Defendants' private arrangements for distribution in the worldwide markets, revenues generated in the various worldwide secondary and supplemental and markets and any transfer of responsibility for the residuals to other entities or parties.

33.     Defendants agreed to provide the information to the accountants and to cooperate in the review. The accountants completed their work, issuing their Report, subject to various open items where there was insufficient information provided.   Based on Defendants' own records, the accountants concluded that the residuals owed had been misstated, underreported and underpaid.

34.     The Fund depends upon the parties exploiting the films for accurate information in compliance with the Collective Bargaining Agreement and reasonably relied upon said reporting and non-reporting. The Fund lacks full knowledge of worldwide revenues from the films and Defendants' own contractual or equitable undertakings, and therefore the amounts owed to the Fund and the identity of all parties with an obligation to the Fund.

35.     Upon learning of the accountant's findings, the Fund asked that any discrepancies found by the accountants be explained, gave notice of the default, demanded that the full amount owed be paid, warned that liquidated damages would begin to accrue on

the overdue amount within sixty (60) days of the default and requested that Defendants advise of any questions.

36.     The parties have exchanged comments on the matter and there have been discussions, and the Fund has offered to modify the claim should Defendants provide additional relevant information.  This is the accepted industry custom and practice in that the Defendants have and the Fund lacks full knowledge of the contractual, equitable and financial aspects of the films.  However, as of the date of this Complaint, Defendants neither cured the default disclosed by the accountants nor provided reasonable justification or explanation for the reported underpayments.

37.     Further, the Fund requested an additional compliance review to determine whether or not there have been subsequent underpayments based on the continuing and ongoing exploitation of the films for the periods after the Report and for any films not covered by the Report and to identify all parties responsible for the payments.  However, as of the date of this Complaint, Defendants have not made books and records available for further compliance review.

38.     The full amount of payments owed to the Fund, from both past and ongoing revenues, cannot be determined without the required statements and reasonable access to the books and records of Defendants.   Plaintiff has no adequate remedy at law because, in addition to any monetary damages caused Plaintiff:

(a)     Defendants' actions and refusals to act directly interfere with Plaintiff's property rights and duties under the Collective Bargaining Agreement, which interference constitutes an irreparable injury irrespective of money damages because it is the Fund's duty, on behalf of the musicians it serves, to determine whether and in what amount it is owed residuals;

(b)     Defendants' wrongful conduct threatens to cause Plaintiff monetary and other damage which would be extremely difficult to ascertain without the information;

(c)     Unless an injunction in the form prayed for is issued, Defendants' conduct will tend to render judgment ineffectual in that the rights sought to be protected are the rights

1    sought to be enforced by injunction; and

2        (d)    Unless an injunction in the form prayed for is issued, there is likelihood of

3    multiple judicial proceedings to determine the rights of Plaintiff.

4                                    CLAIM ONE

5                              BREACH OF CONTRACT

6        39.    Plaintiff hereby incorporates each and every allegation contained in paragraphs

7    1 through 38, inclusive, as though set forth here in full.

8        40.    Defendants are in breach of their agreement and duties to the Fund.

9        41.    As a direct and proximate result of the foregoing, Plaintiff has been damaged

10   according to proof: i) there are due and owing residuals payments as found by the compliance

11   review; ii) books and records were not provided as required in connection with the

12   compliance review; and iii) Plaintiff has been denied full access to books and records for

13   further compliance review to determine whether and in what amount any subsequent amounts

14   have become due up through and including the date of the complaint and any judgment.

15       42.    In addition to an award of monetary damages, Plaintiff seeks a preliminary and

16   permanent injunction against all Defendants and each of them prohibiting them from

17   destroying or moving outside the United States of America any books and records related to

18   determination of payments from the films, and ordering Defendants and each of them to

19   provide access to all books and records related to determination of past, present and future

20   payments, and to make all payments now due or to become due.

21                                   CLAIM TWO

22                                   ACCOUNTING

23       43.    Plaintiff hereby incorporates each and every allegation contained in paragraphs

24   1 through 38, inclusive, as though set forth here in full.

25       44.    Plaintiff is entitled to a full accounting, including i) access to the books and

26   records of Defendants so that the amount of payments owed can be calculated accurately; ii)

27   report of payments due and the identity of all parties owing payments; and iii) payment of any

28   and all amounts due.

45.     Despite demand, Defendants have not provided Plaintiff with an adequate accounting.

46.     Without such an accounting, Plaintiff is unable to determine and obtain the full amount of payments, if any, owed or to be owed.  This lessens the likelihood that Plaintiff, and the musicians they serve, will obtain the full benefit of the musicians' work on the film(s).

47.     Plaintiff has no adequate remedy at law in that without an accounting from Defendants, Plaintiff is unable to determine the full extent of Defendants' and others' obligations.

CLAIM THREE

MONIES HAD AND RECEIVED

48.     Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 38, inclusive, as though set forth here in full.

49.     Upon information and belief, Defendants have become indebted to Plaintiff for monies had and received by Defendants for the use and benefit of Plaintiff and the musicians it serves as disclosed in the compliance review Report.

50.     Upon information and belief, as a direct and proximate result of the foregoing, Plaintiff has been damaged according to proof.

51.     In addition to an award of monetary damages, Plaintiff seeks a preliminary and permanent injunction against said Defendants and each of them prohibiting them from destroying or moving outside the United States of America any books and records related to determination of payments from the films, and ordering Defendants and each of them to provide access to all books and records related to determination of past, present and future payments, and to make all payments due or to become due.

CLAIM FOUR

RESTITUTION

52.     Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 38, inclusive, as though set forth here in full.

53.     Plaintiff is informed and believes and thereon alleges that payments from the films can be readily identified based upon revenues from the covered markets as identified in the compliance review Report. Upon information and belief, Defendants have retained these sums and thus been unjustly enriched and because of the conduct of said Defendants in taking and withholding payments owed to the Fund, the court should order Defendants to serve as constructive trustees of such proceeds, together with interest, for the benefit of Plaintiff and the musicians it serves and to pay over said amounts to the Fund.

54.     Defendants have failed and refused, and continue to fail and refuse, to allow Plaintiff the opportunity to examine and inspect at reasonable times books and records necessary to a determination of its rights as required by the Collective Bargaining Agreement.

55.     This lack of access lessens the likelihood that Plaintiff, and the musicians it serves, will obtain the full benefits of the musicians' work on the film(s).

56.     Plaintiff has taken all actions required of it under the Collective Bargaining Agreement, and in equity and at law.

57.     In addition to an award of monetary damages, Plaintiff seeks a preliminary and permanent injunction against all Defendants and each of them prohibiting them from destroying or moving outside the United States of America any books and records related to determination of payments from the films, and ordering Defendants and each of them to provide access to all books and records related to determination of past, present and future payments, and to make all payments due or to become due.

CLAIM FIVE

<u>DECLARATORY RELIEF</u>

58.     Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 38, inclusive, as though set forth here in full.

59.     An actual controversy has arisen and now exists between Plaintiff and Defendants in that Plaintiff contends and, Plaintiff is informed and believes, Defendants deny:

(a)     That Plaintiff was and on a continuing and ongoing basis is entitled to full payment of residuals due from exploitation of the films in the secondary and supplemental

markets, accurate statements as those residuals and/or full access to the books and records of Defendants insofar as they relate to those residuals;

(b)     That Defendants have in breach of their obligations failed and refused and continue to fail and refuse to make payment or provide access to all books and records;

(c)     That Defendants must provide such payments, statements and books and records as to past residuals owed and as they become due from continuing and ongoing exploitation of the films in the secondary and supplemental markets.

60.     Plaintiff requests a judicial determination of the respective rights and duties of Plaintiff and Defendants. In particular, Plaintiff seeks a judicial determination:

(a)     That Plaintiff is entitled to full payment of residuals due, including from past, continuing and ongoing exploitation of the films in the secondary and supplemental markets, accurate statements as to those residuals and the parties owing those residuals and full access to the books and records of Defendants insofar as they relate to those residuals;

(b)     That Defendants have in breach of their obligations failed and refused and continue to fail and refuse to make payment or provide access to all books and records;

(c)     That Defendants must provide such payments, statements and books and records as to past residuals owed and as they become due from continuing and ongoing exploitation of the films in the secondary and supplemental markets.

61.     Such determination is necessary and appropriate at this time in order that Plaintiff may ascertain their rights and duties with respect to the subject film(s) and prevent the irreparable harm it will otherwise suffer.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

## PRAYER FOR RELIEF

1.     That this court enter judgment against Defendants and each of them in favor of Plaintiff;

2.     That this court award Plaintiff compensatory damages in an amount according to proof;

3.     That this court compel Defendants and each of them to perform an accounting and to render same to Plaintiff, including payment of any amounts found due and to become due;

4.     That this court compel Defendants and each of them to grant Plaintiff access to their books and records to fully ascertain amounts owed, if any, and to make payment of any amounts owed;

5.     That this court award Plaintiff reasonable attorneys' fees, expenses and other disbursements incurred in this action and in collection of any amounts due;

6.     That this court order a constructive trust according to proof;

7.     That this Court award liquidated damages pursuant to the Collective Bargaining Agreement;

8.     That this court award Plaintiff prejudgment interest;

9.     That the Court declare that Plaintiff is entitled to access to the books and records of Defendants insofar as they relate to the residual obligation and that Plaintiff is entitled to accurate statements and payments of past, current and future residuals;

10.    That the Court issue a preliminary and permanent injunction against all Defendants and each of them prohibiting them from destroying or moving outside the United States of America any books and records related to determination of payments from the films, and ordering Defendants and each of them to provide access to all books and records related to determination of past, present and future payments, and to make all payments due.

11.    That this Court grant such other and further relief as may be just and proper.

DATED: March 8, 2016                    CELLA LANGE & CELLA LLP

By: /s/
                    Brian L. Cella

Attorneys for Plaintiff THE FILM MUSICIANS SECONDARY MARKETS FUND (By Ms. Kim Roberts Hedgpeth, Executive Director)

14

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action on all claims allowed by law.

DATED: March 8, 2016                    CELLA LANGE & CELLA LLP


By: /s/_____
                Brian L. Cella

Attorneys for Plaintiff THE FILM
MUSICIANS SECONDARY MARKETS
FUND (By Ms. Kim Roberts Hedgpeth,
Executive Director)